IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:19-CV-73-RJ

GEORGE G. MONROE,

           Plaintiff/Claimant,

v.

ANDREW SAUL,
Commissioner of Social Security,

           Defendant.

ORDER

This matter is before the court on Claimant George G. Monroe's ("Claimant's") motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), [DE-28], and Defendant's motion for remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), [DE-34]. Claimant filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the denial of his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") payments. Claimant responded to Defendant's motion, and the time for filing a reply has expired. [DE-35]. Accordingly, the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, Claimant's motion for judgment on the pleadings is allowed, Defendant's motion for remand for further administrative proceedings is allowed, and the case is remanded to the Commissioner pursuant to sentence four of § 405(g) for further proceedings.

## I. STATEMENT OF THE CASE

Claimant protectively filed an application for a period of disability and DIB on October 19,

2007, and he protectively filed an application for SSI on October 25, 2007, alleging disability beginning December 8, 2006. (R. 269–77). Both claims were denied initially and upon reconsideration. (R. 113–16). A hearing before Administrative Law Judge ("ALJ") Richard L. Leopold was held on October 29, 2009, at which Claimant, represented by counsel, and a vocational expert ("VE") appeared and testified. (R. 911–41). On March 12, 2010, ALJ Leopold issued a decision denying Claimant's request for benefits. (R. 117–33). On March 31, 2011, the Appeals Council granted Claimant's request for review and remanded the case to another ALJ. (R. 166–69).

A hearing before ALJ McArthur Allen was held on November 29, 2011. (R. 942–96). ALJ Allen issued a decision denying Claimant's request for benefits on February 7, 2012. (R. 1050–73). On February 20, 2013, the Appeals Council denied Claimant's request for review. (1074–77). Claimant filed a complaint in this court, and on August 11, 2016, Judge Louise W. Flanagan adopted the recommendation of Magistrate Judge James E. Gates to affirm the Commissioner's final decision. *Monroe v. Colvin*, No. 7:13-CV-74-FL, 2014 WL 7404136, at *1 (E.D.N.C. Dec. 30, 2014), *rev'd*, 826 F.3d 176 (4th Cir. 2016). The Fourth Circuit reversed, holding that ALJ Leopold's decision was not binding because it never became final and that ALJ Allen erred in discussing the RFC and weighing Claimant's testimony. *Monroe v. Colvin*, 826 F.3d 176, 191 (4th Cir. 2016). On August 11, 2016, the district court remanded the case for further administrative proceedings. (R. 1084).

A third hearing was held on November 1, 2017 before ALJ Rebecca Adams. (R. 997–1049). ALJ Adams issued a decision denying Claimant's request for benefits on May 23, 2018. (R. 884–909). On March 25, 2019, the Office of Appellate Operations of the Social Security Administration issued a letter to Claimant explaining that they found no reason to assume

jurisdiction, as ALJ Adams's decision was supported by substantial evidence and complied with the court remand. (R. 877–83). Claimant then filed a complaint in this court seeking review of ALJ Adams's now-final administrative decision.

## II. STANDARD OF REVIEW

The scope of judicial review of a final agency decision regarding disability benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). While substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), it is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), *superseded by regulation on other grounds*, 20 C.F.R. § 416.927(d)(2)). Rather, in conducting the "substantial evidence" inquiry, the court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his or her findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## III. DISABILITY EVALUATION PROCESS

The disability determination is based on a five-step sequential evaluation process as set forth in 20 C.F.R. §§ 404.1520 and 416.920 under which the ALJ is to evaluate a claim:

> The claimant (1) must not be engaged in "substantial gainful activity," i.e., currently working; and (2) must have a "severe" impairment that (3) meets or exceeds [in severity] the "listings" of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform . . . past work or (5) any other work.

*Albright v. Comm'r of the SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Id.* At the fifth step, the burden shifts to the ALJ to show that other work exists in the national economy which the claimant can perform. *Id.*

When assessing the severity of mental impairments, the ALJ must do so in accordance with the "special technique" described in 20 C.F.R. §§ 404.1520a(b)–(c) and 416.920a(b)–(c). This regulatory scheme identifies four broad functional areas in which the ALJ rates the degree of functional limitation resulting from a claimant's mental impairment(s): understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id.* §§ 404.1520a(c)(3), 416.920a(c)(3). The ALJ is required to incorporate into his written decision pertinent findings and conclusions based on the "special technique." *Id.* §§ 404.1520a(e)(3), 416.920a(e)(3).

In this case, Claimant filed a motion for judgement on the pleadings asking the court to reverse the Commissioner's decision and remand the case to the Commissioner to award benefits or, in the alternative, to remand the case to the Commissioner for a hearing. Pl.'s Mot. [DE-28] at 1–2. Claimant alleges the following errors in ALJ Adams's decision: (1) ALJ Adams erred in

4

concluding that Claimant engaged in substantial gainful activity beginning in October 2015; (2) ALJ Adams should have evaluated the impairments found to be severe by ALJ Allen and included ALJ Allen's other findings in her decision; (3) ALJ Adams erred in weighing the medical opinions; (4) ALJ Adams did not sufficiently consider Claimant's diagnosis of narcolepsy with cataplexy; (5) ALJ Adams erred in weighing Claimant's testimony; (6) ALJ Adams erred in formulating the RFC; and (6) the hypothetical questions posed to the VE were insufficient. Pl.'s Mem. [DE-29] at 22–41. Claimant also contends that remand for the award of benefits rather than for another hearing is appropriate because the record is fully developed and the case has been pending for more than thirteen years. *Id.* at 43.

## IV. ALJ'S FINDINGS

Applying the above-described sequential evaluation process, ALJ Adams found Claimant "not disabled" as defined in the Act. At step one, the ALJ found that Claimant had engaged in substantial gainful employment in October 2015, and Claimant requested a closed period. (R. 890). Next, the ALJ determined Claimant had the following severe impairments: history of seizure disorder, sleep apnea, narcolepsy, anxiety disorder, and mood disorder. *Id.* The ALJ also found Claimant had nonsevere impairments of asthma, uveitis, obesity, and sarcoidosis. *Id.* However, at step three, the ALJ concluded these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 891–93). Applying the technique prescribed by the regulations, the ALJ found that Claimant's mental impairments have resulted in moderate limitations in understanding, remembering, or applying information; interacting with others; and concentrating, persisting, or maintaining pace and a mild limitation in adapting or managing oneself. (R. 891–92).

5

Prior to proceeding to step four, the ALJ assessed Claimant's RFC, finding Claimant had the ability to perform sedentary work[1] and that he cannot climb ladders, ropes, or scaffolds; he cannot be exposed to any workplace hazards; he must avoid all exposure to extreme heat and respiratory irritants; he can occasionally interact with coworkers and supervisors but cannot interact with the public; he can understand, remember, and carry out instructions that are limited to simple routine tasks, but not at production pace; and his ability to deal with workplace changes is limited to those involving simple work-related decisions only. (R. 893–99). In making this assessment, the ALJ found Claimant's statements about the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical and other evidence. (R. 897).

At step four, the ALJ concluded Claimant has no past relevant work prior to October 2015. (R. 899). At step five, upon considering Claimant's age, education, work experience, and RFC, the ALJ determined Claimant is capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national economy. (R. 899–900).

## V. DISCUSSION

Claimant contends that the case should be remanded for an award of benefits rather than another administrative hearing because the record is fully developed and the case has been pending for more than thirteen years. Pl.'s Mem. [DE-29] at 43. Defendant agrees that remand is warranted because the ALJ erred in failing to consider that Claimant was working under special conditions when she concluded that Claimant engaged in substantial gainful activity in October 2015. Def.'s

---

[1] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. §§ 404.1567(a), 416.967(a); S.S.R. 96-9p, 1996 WL 374185, at *3 (July 2, 1996). "Occasionally" generally totals no more than about 2 hours of an 8-hour workday. "Sitting" generally totals about 6 hours of an 8-hour workday. S.S.R. 96-9p, 1996 WL 374185, at *3. A full range of sedentary work includes all or substantially all of the approximately 200 unskilled sedentary occupations administratively noticed in 20 C.F.R. Part 404, Subpart P, Appendix 2, Table 1. *Id.*

6

Resp. [DE-34] at 2–4. Defendant also concedes that that ALJ did not properly weigh the medical opinions. *Id.* at 4. Defendant contends that whether Claimant engaged in substantial gainful activity is a question of fact that must be resolved by an ALJ, and likewise, it is appropriate for the ALJ, not the court, to weigh medical opinions. *Id.* at 2–4. Accordingly, Defendant opposes Plaintiff's request to remand the case for an award of benefits and instead requests that the case be remanded for another hearing. *Id.* at 4–5. Defendant does not address Claimant's arguments regarding the weight ALJ Adams should have given to ALJ Allen's decision, Claimant's diagnosis of narcolepsy with cataplexy, the ALJ's weighing of Claimant's testimony, the formulation of the RFC, or the hypothetical posed to the VE. *Id.* at 2–5.

## A. Substantial Gainful Activity

"The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that 'lies within the sound discretion of the district court.'" *Perry v. Colvin*, No. 5:13-CV-87-BO, 2014 WL 1056736, at *3 (E.D.N.C. Mar. 18, 2014) (quoting *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987)). A remand for an award of benefits is appropriate "where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974); *see also Lakeman v. Saul*, No. 7:18-CV-97-BO, 2019 WL 4385498, at *2 (E.D.N.C. Sept. 12, 2019) ("there is nothing to be gained from remanding this matter for further consideration and reversal for an award of benefits is appropriate"); *McKinney v. Colvin*, 111 F. Supp. 3d 663, 667 (E.D.N.C. 2015) (remanding for benefits because another hearing "would serve no purpose"). However, "[i]f the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Radford*

7

*v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)); *see also Hall v. Berryhill*, No. 7:16-CV-347-FL, 2018 WL 824488, at *3 (E.D.N.C. Feb. 12, 2018) (remanding for further proceedings "where further explanation by the ALJ may reveal that the decision is supported by substantial evidence").

Claimant contends that an award of benefits rather than a new hearing is appropriate because the case has been pending for more than thirteen years. The longevity of a case may be an important factor in determining whether an award of benefits or a new hearing is merited. *See Hunter v. Colvin*, No. 4:13-CV-235-BO, 2014 WL 6884054, at *2 (E.D.N.C. Dec. 3, 2014) (holding that "[r]eversal for an award of benefits is proper where, as here, the case has already been heard by the district court once before and the agency continues to make mistakes on remand," and noting that the case had been pending for nine years).

Nonetheless, a new hearing here would not "serve no purpose." *McKinney*, 111 F. Supp. 3d at 667. The ALJ made no findings regarding Claimant's ability to perform his job at Carolina Home Care well and without special assistance or accommodations. (R. 890). In determining whether a Claimant's work is at the substantial gainful activity level—an issue that is disputed by Claimant in this case, Pl.'s Mem. [DE-29] at 24—how well a Claimant performs work and whether the work is done under special considerations are relevant questions of fact. *See* 20 C.F.R. §§ 404.1573(b), 416.973(b) ("We consider how well you do your work when we determine whether or not you are doing substantial gainful activity. . . . If you are unable, because of your impairments, to do ordinary or simple tasks satisfactorily without more supervision or assistance than is usually given other people doing similar work, this may show that you are not working at the substantial gainful activity level."); *id.* §§ 404.1573(c), 416.973(c) ("If your work is done under special conditions, we may find that it does not show that you have the ability to do substantial

8

gainful activity"). Here, Claimant asserts that he was hired by and supervised by his godsister, he is allowed to take breaks as needed, and he cannot perform his job well because he falls asleep during his shift and forgets to distribute patients' medications. Pl.'s Mem. [DE-29] at 24.

At the hearing, the ALJ stated that it appeared that Claimant began working at the substantial gainful activity level in 2016 and continued working at that level in 2017. (R. 1000). She suggested that she would consider a closed period, and Claimant's attorney agreed. (R. 1001). When the ALJ asked what the closed period would be, Claimant's attorney replied, "From onset date up until he started working." *Id.* Claimant's attorney then stated that Claimant was still experiencing the same symptoms, but his job was a night job "where he can do some of the things" and "get around the — his symptoms." *Id.* Claimant's attorney added that Claimant still has problems with sleep and fatigue and "still need (sic) the breaks, but just at night the patients are not active, and he's just more or less there to check on them." *Id.*

Claimant testified that his godsister knew about his conditions and offered him a job. (R. 1017). After Claimant began working, Claimant's godsister saw that Claimant struggled with sweeping and mopping, he became fatigued, and he would fall asleep, so she said, "Well, we'll try to find you something else," and she put him on night shift where he monitors patients, can take breaks when he wants to, and can work at his own pace. (R. 1017–18). Claimant also testified that when his godsister offered him the job, she said, "I know what's going on with you, we'll try to work around it." (R. 1033).

The ALJ concluded that Claimant engaged in substantial gainful activity beginning in October 2015 because of his earnings in the third quarter of 2015 and because his attorney admitted at the hearing that Claimant was working at the substantial gainful activity level since 2015. (R. 890). However, it does not appear that Claimant's attorney admitted as much; rather, Claimant's

9

attorney acknowledged that a closed period was appropriate and stated that it should end when Claimant started working, immediately after the ALJ said that it appeared Claimant began working at the substantial gainful activity level in 2016, not 2015. (R. 1000–01). Additionally, Claimant's earnings are not conclusive of whether he was performing substantial gainful activity. 20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1) (providing that earnings are the "primary consideration" but not the only consideration); *id.* § 404.1573, 416.973 (providing that other considerations include the nature of the work, how well the claimant performs the work, and whether the work is done under special conditions).

Here, the ALJ did not consider the nature of claimant's work, how well he performed it, and whether it was done under special conditions, despite Claimant's testimony that his godsister offered him the job with an understanding of his condition and the reassurance that they could "try to work around it" and that she moved him to a different role where he could take breaks and work at his own pace. (R. 890). Failure to discuss those considerations was error requiring remand, as Claimant contends and Defendant concedes. Pl.'s Mem. [DE-29] at 23–25; Def.'s Resp. [DE-34] at 2–3. Remand for a new hearing, not the award of benefits, is warranted here because "[j]ust as it is not [the court's] province to "reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]," it is also not . . . the province of the district court [] to engage in these exercises in the first instance." *Radford*, 734 F.3d at 296 (citing *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir.2012)). Claimant contends that the ALJ "had a duty to develop the record before making a ruling" on this issue and that she failed here because she did not allow "Claimant an opportunity to proffer testimony or evidence to rebut the presumption that his earnings were substantial gainful activity." Pl.'s Mem. [DE-29] at 24–25. Likewise, Defendant concedes that further fact-finding is warranted on the issue of whether Claimant performed

10

substantial gainful activity. Def.'s Resp. [DE-34] at 3. The court is unable to weigh the evidence in the first instance as to whether Claimant performed substantial gainful activity beginning in October 2015; accordingly, reopening the record for more evidence and holding another hearing *would* serve a purpose, and remand for an award of benefits would be inappropriate. *See Breeden*, 493 F.2d at 1012.

## B. ALJ Allen's Findings

Claimant contends that ALJ Adams erred in failing to weigh ALJ Allen's 2012 decision. Pl.'s Mem. [DE-29] at 25–27. In particular, Claimant contends that the doctrine of *res judicata* requires ALJ Adams to give some weight to ALJ Allen's determination that Claimant suffers from additional severe impairments. *Id.* at 26.

ALJ Allen determined that Claimant's severe impairments were sleep apnea, narcolepsy, myalgias, uveitis, anxiety, and mood disorder. (R. 1056). ALJ Adams found that Claimant's severe impairments were history of seizure disorder, sleep apnea, narcolepsy, anxiety disorder, and mood disorder. (R. 890). ALJ Adams found that Claimant's uveitis was a non-severe impairment, and she did not discuss myalgia. *Id.* In identifying Claimant's impairments, ALJ Adams did not reference or assign any weight to ALJ Allen's decision. *Id.*

The Fourth Circuit addressed *res judicata* previously in this case when Claimant challenged ALJ Allen's failure to afford great weight to ALJ Leopold's decision. *Monroe*, 826 F.3d at 187. The court held that *res judicata* applies only to prior decisions that have become final. *Id.* (citing C.F.R. §§ 404.957(c)(1), 416.1457(c)(1) ("The doctrine of res judicata applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action"); *Lively v. Secretary of Health and Human Servs.*, 820 F.2d

11

1391, 1392 (4th Cir. 1987) ("Congress has clearly provided by statute that res judicata prevents reappraisal of both the Secretary's findings and his decision in Social Security cases that have become final.")). Because ALJ Leopold's decision was vacated by the Appeals Council, the Fourth Circuit held that ALJ Allen was not required to give it any weight and that ALJ Allen did not err in considering the case de novo. *Monroe*, 826 F.3d at 187.

Likewise, ALJ Adams did not err in failing to weigh ALJ Allen's decision because ALJ Allen's decision was vacated by the court. The regulations provide that "[t]he Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised." 20 C.F.R. §§ 404.981, 416.1481. Here, Claimant filed an action in federal district court challenging ALJ Allen's decision. (R. 1078–82). The district court affirmed the Commissioner's decision, but the Fourth Circuit reversed. *Monroe*, 2014 WL 7404136, at *1, *rev'd*, 826 F.3d at 176. The Fourth Circuit remanded the case with instructions to vacate ALJ Allen's denial of Claimant's application for benefits. *Monroe*, 826 F.3d at 191. The district court did so. (R. 1084) ("In accordance with the appeals court opinion, the court VACATES its denial of plaintiff's application for benefits and REMANDS the matter to defendant pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings."). Like ALJ Leopold's decision, ALJ Allen's decision was vacated and holds no precedential value. *See Norman v. Berryhill*, No. 1:16-CV-997, 2017 WL 3396517, at *5 (M.D.N.C. Aug. 8, 2017) (holding that even when only a portion of an ALJ's decision is discussed on review, if the decision is vacated in its entirety, then none of it is binding on remand); *Batson v. Colvin*, No. 7:14-CV-48-D, 2015 WL 1000791, at *7 (E.D.N.C. Mar. 5, 2015) ("*Albright* and AR 00–1(4) did not require the second ALJ to consider the first ALJ's decision because that decision had been vacated"). Accordingly, ALJ Adams did not err in failing

to weigh ALJ Allen's decision.

## C. The Medical Opinions

Claimant contends that ALJ Adams erred in weighing the medical opinions. Pl.'s Mem. [DE-29] at 27–31. Defendant concedes that the ALJ erred in weighing the medical opinions of Ashley Booth, M.A., Dr. William Link, Dr. Ferriss Locklear, and the state agency psychological consultants. Def.'s Resp. [DE-34] at 4. The ALJ must appropriately weigh every medical opinion. 20 C.F.R. §§ 404.1527(c); 416.927(c). Remand for further administrative proceedings is an appropriate remedy when the ALJ errs in weighing a medical opinion. *See Yousef v. Saul*, No. 7:18-CV-92-FL, 2019 WL 5816654, (E.D.N.C. July 22, 2019) (remanding for a hearing when the ALJ erred in weighing the opinion evidence), *adopted by* 2019 WL 3820489 (E.D.N.C. Aug. 14, 2019); *Pope v. Colvin*, No. 5:14-CV-473-D, 2015 WL 9898578, at *7 (E.D.N.C. Dec. 23, 2015) (remanding for a hearing when the ALJ erred in weighing the medical opinions and holding that "the court expresses no opinion on the weight that should be accorded any piece of evidence, matters that are for the Commissioner to resolve."), *adopted by* 2016 WL 236217 (E.D.N.C. Jan. 20, 2016). Accordingly, on remand, the ALJ should properly weigh every medical opinion in the record.

## D. Claimant's Diagnosis of Narcolepsy with Cataplexy and Memory Loss

Claimant contends that the ALJ did not adequately discuss his diagnosis of narcolepsy with cataplexy or memory loss symptoms. Pl.'s Mem. [DE-29] at 31–33. The ALJ is not required to discuss every piece of evidence in the record. *See Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (citations omitted). However, the ALJ may not ignore material evidence that conflicts with his decision. *Drotar v. Colvin*, No. 7:13-CV-265-FL, 2015 WL 965626, at *3 (E.D.N.C. Mar. 4, 2015) (citing *Ivey v. Barnhart*, 393 F. Supp. 2d 387, 390 (E.D.N.C. 2005)).

13

Claimant was diagnosed with narcolepsy with cataplexy in January 2008. (R. 552). After a sleep study in April 2008, Dr. Somnath Naik wrote that Claimant "has symptoms of cataplexy" that "strongly favor[] the diagnosis of narcolepsy with cataplexia." (R. 657). The ALJ summarized the April 2008 sleep study in which Dr. Naik "did observe the test results favored a diagnosis of narcolepsy with cataplexia." (R. 894). The ALJ also discussed Claimant's reports of "sleep attacks" in September 2008 and December 2010 as well as his testimony at the hearing. (R. 893–96). It appears that the ALJ did not mention the January 2008 diagnosis, but she also did not ignore the evidence of cataplexy, given that she discussed the April 2008 sleep study. *Drotar*, 2015 WL 965626, at *3. Accordingly, the ALJ did not err in her discussion of Claimant's narcolepsy with cataplexy.

Moreover, the ALJ did not ignore Claimant's memory loss symptoms. The ALJ discussed Ms. Booth and Dr. Link's examination in which Claimant's "General Memory was noted to be low on the Weschler Memory Scale-III." (R. 895). Claimant references a memory test performed by a Dr. McClain, but the test cited in Claimant's brief appears to be Ms. Booth and Dr. Link's examination, and there is no Dr. McClain in the record aside from a verbal mention of his name by Claimant's attorney at the hearing before ALJ Leopold and an analysis of a CT scan of Claimant's chest from Lumberton Radiological Associates. Pl.'s Mem. [DE-29] at 32–33; (R. 62, 463). The ALJ adequately analyzed Ms. Booth and Dr. Link's examination, and Claimant has not cited additional evidence related to his memory loss that he contends the ALJ should have discussed. Accordingly, the ALJ did not err in discussing Claimant's memory loss symptoms.

### E. Claimant's Testimony

Claimant contends that the ALJ improperly assessed his credibility because the ALJ found that Claimant's statements were inconsistent with the medical and other evidence *after* the ALJ

14

formulated the RFC, rather than before. Pl.'s Mem. [DE-29] at 33–34. Claimant cites *Mascio*, where the Fourth Circuit held that an ALJ erred in finding that Mascio's statements were "not credible to the extent they are inconsistent with the above residual functional capacity assessment." *Mascio v. Colvin*, 780 F.3d 632, 639 (4th Cir. 2015). The Fourth Circuit explained that such "boilerplate" language "'gets things backwards' by implying 'that ability to work is determined first and is then used to determine the claimant's credibility.'" *Id.* (quoting *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012)). The court held that "the ALJ here should have compared Mascio's alleged functional limitations from pain to the other evidence in the record, not to Mascio's residual functional capacity." *Id.*

Here, the ALJ found that Claimant's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (R. 897). The ALJ did not compare Claimant's statements to the RFC; rather, the ALJ analyzed Claimant's statements in light of the medical and other evidence. The ALJ explained that although "the claimant alleges that his black outs/seizures/narcolepsy have been going on for more than 15 years," the ALJ found "no evidence that any of these episodes have been witnessed by medical providers, or by family." *Id.* The ALJ noted that "[d]iagnostic imaging studies such as head CT scan and EEG have been negative," and the ALJ discussed the medical opinions, Claimant's work history, his testimony, and his ability to participate in the hearing. *Id.* The ALJ appropriately weighed Claimant's statements against the medical and other evidence, not against the ALJ's own formulation of the RFC. *See Mascio*, 780 F.3d at 639. Accordingly, the ALJ did not err in weighing Claimant's testimony.

## F. The RFC and the Hypothetical Questions Posed to the VE

Claimant contends that the ALJ improperly formulated the RFC and the hypothetical

15

questions posed to the VE, but his arguments relate to ALJ Adams's weighing of the medical opinions, ALJ Adams's failure to credit ALJ Allen's decision, the alleged failure to discuss Claimant's narcolepsy with cataplexy, and ALJ Adams's weighing of Claimant's testimony. Pl.'s Mem. [DE-29] at 34–41. Claimant's arguments are therefore derivative of those discussed above.

Because the ALJ failed to properly analyze whether Claimant worked at the substantial gainful activity level beginning in October 2015, and because the ALJ erred in weighing the opinion evidence, a new hearing is warranted. Plaintiff's motion for judgement on the pleadings is allowed, [DE-28], Plaintiff's request in the alternative that the matter be remanded for a new hearing is allowed, *id.* at 2, and Defendant's motion for remand for further administrative proceedings is allowed, [DE-34].

## VI. CONCLUSION

For the reasons stated above, Claimant's Motion for Judgment on the Pleadings [DE-28] is ALLOWED, Defendant's motion for remand for further administrative proceedings [DE-34] is ALLOWED, and this matter is REMANDED to the Commissioner, pursuant to sentence four of § 405(g), for further proceedings consistent with this Order.

So ordered, this the 27th day of March, 2020.

Robert B. Jones, Jr.
United States Magistrate Judge